Michael J. Feldman, Esquire
OLENDERFELDMAN LLP
2840 Morris Avenue
Union, New Jersey 07083
Phone:  (908) 964-2486
Fax: (908) 810-6631

Anthony Volpe, Esquire
Ryan W. O'Donnell, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103
Phone:  (215) 568-6400
Fax:  (215) 568-6499

Kristine L. Butler, Esquire
VOLPE AND KOENIG, P.C.
One Palmer Square
Suite 315
Princeton, New Jersey 08542
Phone:  (609) 924-7900
Fax:  (609) 924-7902

*Attorneys for Defendant*
*Advanced Health Media, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON DIVISION

| | |
|---|---|
| CALL, INC. d/b/a MEDFORCE,<br><br>                    Plaintiff,<br><br>v.<br><br>Advanced Health Media, LLC,<br><br>                    Defendant. | Civil Action No. 3:11-CV-03723-FLW-TJB<br><br>Hon. Freda L. Wolfson, U.S.D.J.<br>Hon. Tonianne J. Bongiovanni, U.S.M.J.<br><br>ELECTRONICALLY FILED<br><br>Return Date: October 3, 2011 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
## COUNT VII PURSUANT TO FED. R. CIV. P. 12(b)(6)

1749764-1

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    ARGUMENT.........................................................................................................1

III.   CONCLUSION......................................................................................................4

## I.    INTRODUCTION

Defendant Advanced Health Media, LLC ("AHM") submits this Memorandum of Law in further support of its Motion to Dismiss Count VII of the Complaint of Plaintiff CALL, INC. d/b/a MedForce ("MedForce") pursuant to Fed. R. Civ. P. 12(b)(6).[1]   Though AHM's moving Memorandum of Law addressed MedForce's original Complaint, this Reply Memorandum of Law will address MedForce's Amended Complaint and its Memorandum in Opposition to AHM's Motion.

## II.   ARGUMENT

As a preliminary matter, the applicable legal standards that govern AHM's Motion to Dismiss are set forth in AHM's moving Memorandum, and the caselaw cited by MedForce does not alter the applicable standards or suggest otherwise.  Ultimately, this Motion comes down to a determination of whether MedForce's Amended Complaint alleges, beyond a speculative level that MedForce "would have received the expected economic advantage" but for the alleged "wrongly, intentional interference" by AHM with MedForce's expected economic advantage. *See Fineman v. Armstrong World Indus.*, 980 F. 2d 171, 186 (3d Cir. 1992) (internal citations omitted).  As set forth herein and in AHM's moving Memorandum, MedForce is unable to meet

---

[1]     The remainder of AHM's Motion to Dismiss was withdrawn after MedForce filed an Amended Complaint *after* AHM filed its original Motion to Dismiss.  AHM did not file a separate Answer to Counts I through VI of MedForce's Amended Complaint as many of the allegations contained therein relate directly to Count VII – the subject of the remainder of this Motion to Dismiss.  Therefore, neither the Rules nor logic compelled a partial Answer to the Amended Complaint when the Court has not yet determined which allegations will survive the Motion to Dismiss.  AHM obviously has not waived its rights to file its responsive pleading, including Counterclaims, to the remainder of the Amended Complaint after the Motion to Dismiss is decided, and in fact, will do so.

1

this burden, and therefore, Count VII of its Amended Complaint must be dismissed with prejudice.

Accepting the allegations in MedForce's Amended Complaint as true, as the Court must for purposes of this Motion, MedForce still fails to state a cause of action with respect to Count VII.  Rather than repeat the reasons Count VII must be dismissed as set forth in AHM's moving Memorandum, AHM hereby addresses the major defects in MedForce's opposition papers.

To prevail on a tortious interference claim, a plaintiff must prove malice, which "is defined to mean that the harm was inflicted intentionally and without justification or excuse." *Id.* "When a business targets its competitor's customers, it exercises a valid business judgment and that alone does not constitute tortious interference with prospective economic advantage." *Foxtons, Inc. v. Cirri Germain Realty*, 2008 WL 465653, *7 (N.J. App. Div. 2008) (internal quotations and citations omitted). Simply making the conclusory statement that defendant acted "maliciously" will not suffice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though given the opportunity to amend its Complaint *and* file an Opposition Memorandum, MedForce ignores the import of *Foxtons* in its allegations and legal argument, and instead, pretends that the case does not exist.  Indeed, MedForce's allegations, if taken as true, solely allege that AHM was acting "intentionally and without justification or excuse" *because* AHM was purportedly targeting its customers – or in this case, potential purchasers of MedForce for the purported purpose of harming MedForce's business. Thus, MedForce has effectively admitted that it fails to overcome the holding in *Foxtons*, and therefore, a mandatory element of its tortious interference claim.

In addition, MedForce's Amended Complaint still fails to meet the requirement that ***but for*** the acts of AHM, MedForce "would have received the anticipated economic benefits." *Foxtons*, 2008 WL 465653 at *7.  *See also Fineman v. Armstrong World Indus., Inc.*, 980 F.2d

171, 186 (3d Cir. 1992). MedForce summarizes its attempt to meet the foregoing requirement by stating: "It specifically alleges that at least two potential bidders[2] have advised MedForce that the dispute with AHM is the reason they are not submitting bids and that as a consequence MedForce has suffered economic harm." *See* MedForce Opposition Memorandum at 6. Based thereupon, MedForce's allegations remain insufficient to overcome the above requirement for two primary reasons – neither of which is cured by its Amended Complaint. First, the alleged fact that one or two "potential bidders" decided to temporarily not submit a mere bid to purchase MedForce remains far too remote a proximate cause for a failed transaction, let alone any determination of damages flowing therefrom. That is, even if MedForce's allegations are taken at face value, proof of damages would *always* be impossible because there could *never* be any evidence of what the bid would have been, whether the bid would have been accepted, whether such a deal pursuant to a non-existent bid would have resulted in closing of a deal, and what, if any, the profit would have been to MedForce.[3] There is simply no fact or circumstance that could be obtained through the course of discovery which would change this fact due to the inherent speculative nature of MedForce's claim. As a result of the foregoing, MedForce's tortious interference claim must be dismissed with prejudice.

Second, MedForce's tortious interference claim is admittedly premature. By MedForce's own allegations, two facts must be accepted as true: (1) AHM's patents will be invalidated in this litigation; and (2) once AHM's patents are invalidated, the "potential bidders" will submit bids and the alleged sale of MedForce's business will continue. Thus, MedForce is acknowledging

---

[2]     The primary change from its initial Complaint to its Amended Complaint is that MedForce now alleges that two, instead of one, "potential bidders" have temporarily put off their bids.

[3]     Critically, MedForce fails to even allege if it received other bids, the substance of those bids, what price it was seeking, or whether it entered into negotiations or signed a contract with any other party.

3

that it will, at the end of the day, obtain the business relationship which it also asserts AHM interfered with; or at least receive the purportedly critical bids that were not yet made. Alternatively, MedForce must admit that whether or not it really would have received the bids, and whether or not any actual deal would have occurred, is purely speculative.  Any of the foregoing would nullify MedForce's current claim of purported damages.  Since, based upon MedForce's own pleadings, one of the foregoing must occur, MedForce's tortious interference claim must be dismissed with prejudice.

## III.    CONCLUSION

For all of the reasons set forth herein and in AHM's moving papers, AHM respectfully requests that Count VII (Tortious Interference) of MedForce's Amended Complaint be dismissed with prejudice.

Respectfully submitted,

Dated: <u>November 1, 2011</u>                    By: <u>s/ Michael J. Feldman</u>
OLENDERFELDMAN LLP
2840 Morris Avenue
Union, New Jersey 07083
Phone:  (908) 964-2486
Fax: (908) 810-6631

<u>s/ Ryan W. O'Donnell</u>
Ryan W. O'Donnell, Esquire
Anthony S. Volpe, Esquire
VOLPE AND KOENIG, P.C.
United Plaza
30 South 17th Street
Philadelphia, Pennsylvania 19103

Kristine L. Butler, Esquire
VOLPE AND KOENIG, P.C.
One Palmer Square
Suite 315
Princeton, New Jersey 08542

*Attorneys for Defendant*
*Advanced Health Media, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant's Reply in Support of Its Motion to Dismiss Count VII Pursuant to Fed. R. Civ. P. 12(b)(6)* is being served via Notice of Electronic Filing on the following persons:

> Donald A. Robinson, Esquire
> Keith J. Miller, Esquire
> Leda Dunn Wettre, Esquire
> ROBINSON, WETTRE & MILLER LLC
> One Newark Centre, 19th Floor
> Newark, NJ 07102
> drobinson@rwmlegal.com
> kmiller@rwmlegal.com
> lwettre@rwmlegal.com

Dated: November 1, 2011                    By:  s/ Ryan W. O'Donnell
                                                Ryan W. O'Donnell, Esquire
                                                VOLPE AND KOENIG, P.C.
                                                United Plaza
                                                30 South 17th Street
                                                Philadelphia, PA 19103
                                                Phone:  (215) 568-6400
                                                Fax:  (215) 568-6499

                                                *Attorneys for Defendant*
                                                *Advanced Health Media, LLC*